(28 Misc. Rep. 733.)

### SHEEHAN v. McMAHON et al.

(Supreme Court, Special Term, New York County. August 19, 1899.)

PRIMARY ELECTION LAW—POLITICAL COMMITTEES—MODE OF SELECTING LISTS FOR ELECTION OFFICERS.

The executive committee of the New York Democratic county committee, such executive committee being composed of a member from each assembly district, selected and filed with the police board a list of names of persons for Democratic election officers in an assembly district. The executive member from such district applied to the court under the primary election law (Laws 1899, c. 473, § 2) for a summary process directing the substitution of a different list, and the selection of the election officers by the police board from such substituted list. *Held*, it appearing from the proofs that no objection or protest was made to the manner in which the list filed was selected, that it must be presumed that the selection was made in accordance with ancient usage, which constitutes the law of the party, and the court was not authorized to intervene.

Application by John C. Sheehan for summary process against Daniel F. McMahon and others under the primary election law. Dismissed.

Pryor & Truax, for complainant.

Nicoll, Anable & Lindsay, for respondent Daniel F. McMahon.

John Whalen, Corp. Counsel, for respondent police commissioners of city of New York.

FITZGERALD, J. The complainant alleges that the respondent McMahon, as chairman of the executive committee of the New York Democratic county committee, has filed with the police board an unauthorized and irregular list of persons for Democratic election officers in the Ninth assembly district, and summary process is invoked under the provisions of the primary election law (section 2, c. 473, Laws 1899), directing the said McMahon to substitute what, it is contended, is the authorized and regular list of names; and, further, that from the substituted list the police board be directed to appoint the election officers. From the papers submitted upon both sides it appears that the Democratic party in this county is organized with general committees in each one of the assembly districts therein comprised, a county general committee, and an executive committee, consisting of one member from each of the assembly districts. The assembly district is the unit of representation, and all powers are therein reserved, except such as, for the general welfare of the party

as a whole, are surrendered to the general county committee and the executive committee. Complainant is the executive member from the Ninth district, and respondent McMahon is chairman of the executive committee. The executive committee, by resolution, at a duly-convened meeting thereof, created a subcommittee called the "Committee on Election Officers," and invested this last-mentioned body with authority to supervise the selection of election officers, giving it, in the words of the resolution, "full power to act in the matter." It is not denied that every district was represented, or had the opportunity of being represented, at this meeting, and by no one, does it appear, was the action of the meeting challenged upon either of the questions of power or propriety. It can only, therefore, be reasonably inferred that such action was in conformity with ancient usage which constitutes the law of the party. It further appears from the answering affidavits that this committee rejected the list of names presented on behalf of the complainant, and took certain steps to provide for the vacancies resulting from such rejection. The reasons which induced the committee to take such action are set forth at length in the affidavits, and need not be alluded to here. The complainant can scarcely claim that they are immaterial, particularly in view of the lengthy and vigorously worded affidavit filed by him in reply. My attention has been called to the matter of Buttling v. Dady, but it has no bearing upon this issue, for the reason that the facts presented upon that application, and passed upon by the learned court, were widely different from those disclosed by the record before me. The complainant has failed to establish a case calling for the intervention of the court, and these proceedings must therefore be dismissed.

Ordered accordingly.